## MARIA E. YOUNG

### v.

## SAMUEL C. STEARNS ET AL.

1. DEED—DELIVERY.—While it is true that it is essential to the legal operation of a deed that the grantee assents to receive it, yet it is equally true that it can be delivered to a third party by sufficient authority from the grantee, and such delivery will be as effectual to pass the title as if made to the grantee himself.

CREDITOR'S BILL—EVIDENCE INSUFFICIENT TO SHOW FRAUD.—A bill was filed by defendants in error against plaintiff in error, impleaded with others, to set aside a conveyance of lands to her, as fraudulent. The preponderance of testimony showing that plaintiff in error received the conveyance in good faith, in satisfaction of a *bona fide* debt, and with no knowledge of other indebtedness of the grantor, and with no fraudulent intent, the court erred in setting aside such conveyance. The delay of the debtor in putting the deed upon record cannot, under the circumstances, prejudice the rights of plaintiff in error.

ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Mr. G. D. A. PARKS, for plaintiff in error; that delivery of a deed to a third party in pursuance of a previous agreement, is a good delivery, cited Cooper v. Jackson, 4 Wis. 548; Herbert v. Herbert, Breese, 354; Hulick v. Scoville, 4 Gilm. 159; Wiggins v. Lusk, 12 Ill. 132; Himes v. Keighblingher, 14 Ill. 469; Kingsbury v. Burnside, 58 Ill. 310; Crocker v. Lowenthall, 83 Ill. 582; 3 Washburn on Real Property, 255.

Both vendor and vendee must participate in the fraudulent intention: Hatch v. Jordon, 74 Ill. 414; Myers v. Kinzie, 26 Ill. 36; Gridley v. Bingham, 51 Ill. 153; Ewing v. Runkle, 20 Ill. 448.

A debtor may prefer one creditor to another: Hessing v. McCloskey, 37 Ill. 341; Bump on Fraudulent Conveyances, 178.

Mr. GEORGE S. HOUSE, for defendants in error.

PILLSBURY, P. J.   Creditor's bill filed in Will Circuit Court

Young v. Stearns et al.

by defendants in error against plaintiff in error, and one Bush, alleging in substance that a judgment was rendered in said court in favor of defendant in error, Knox, and against Hiram F. Bush, for the sum of $592.90, on the 7th day of October, A. D. 1871; that execution was issued thereon and returned " no property found; " and· that the indebtedness upon which said judgment was based, accrued long prior thereto. That on the 2nd day of October, 1871, said Bush filed in the recorder's office of said county, a deed to Maria E. Young for certain lots in the city of Joliet, and charges that said deed was made without any sufficient consideration, and with design to delay and defraud the complainants and other creditors; and that said deed was never delivered to the grantee, and that the judgment, so recovered by Knox, was for the use and benefit of the other defendants in error, Stearns, Leach and Jones.

The bill also alleges the recovery of two other judgments against Bush, but as the case was disposed of in the court below as to them, and they not being before us upon this record, nothing need be said further as to them.

The answer of Mrs. Young sets up that long befere the rendition of the judgments in question, to wit: On the 12th day of November, 1869, she purchased the premises in good faith from Bush; that the purpose of both parties at that time was to perfect the conveyance to her without delay; that her husband, D. C. Young, who had acted as her agent, having left Joliet for California within a day or two after the deed had been prepared, and she having no agent to assist her in her business but Bush himself, who was her son-in-law, the execution of the deed, as promised, was neglected; that it was not acknowledged until January, 1871, nor filed for record till 2nd October, 1871; that such delay was in consequence of no fraudulent arrangement with her, but entirely from the negligence and procrastination of said Bush during her absence in California, where she resided; that on the 12th day of November, 1869, Bush was justly indebted to her in the sum of over $2,000, exclusive of interest, on a settlement of accounts made before her husband's departure for California; that such indebtedness consisted of divers sums of money loaned to Bush

or paid for his use, or received by him for her use; that the conveyance was to be an absolute deed, but there was an understanding that she would re-convey upon re-payment; that she knew nothing of Bush's other debts or pecuniary embarrassments.

Upon the hearing, a decree was rendered, subjecting the premises to sale under the judgment, and setting aside the deed to plaintiff in error, and she appeals.

Daniel C. Young, husband of plaintiff in error, testified that in November, 1869, Bush was indebted to Mrs. Young over $2,000, and gives the items constituting such indebtedness, and the dates when received by Bush, or paid out for him at his request.

This witness further states that he transacted all this business on behalf of his wife, and that he left Joliet for California in November, 1869; and previous to leaving he entered into an agreement with Bush to deed the premises to Mrs. Young, in consideration of this indebtedness; that in pursuance of such agreement, he filled out the deed referred to in the original bill, and went with Mr. Bush to find a notary public to have it acknowledged; but by reason of the absence of the notary, it was deferred; and on the day before he left, Mr. Bush promised to have the deed executed without delay, and place it upon the record; and neither he or his wife was informed that it had not been done until the latter part of October, 1871.

Bush swears that on the 12th of November, 1869, at date of deed, he was owing Mrs. Young over $2,000 for money loaned, corroborating the witness Young as to items and dates; that the deed was drafted by the witness, D. C. Young; that he promised him, the day before he left, to have the deed executed, acknowledged, and left for record immediately. He further says, that the date of acknowledgment, Jan. 3, 1871, is correct, and that he delayed, thinking there was no hurry, and that it might injure his credit; but such delay was not by any arrangement with Mrs. Young; that the deed was made as an absolute conveyance, but with the understanding that she would re-convey on payment of the indebtedness; that he did not pay it, and filed the deed for record for her.

Young v. Stearns et al.

This is all the testimony in the record bearing directly upon the consideration of the deed, or the circumstances under which it was delivered. The evidence of the complainants consists of admissions by Bush that he owned the property, and the further statements of complainants that they trusted him upon the strength of his being in the possession of the premises, as the owner thereof. We deem this evidence entirely insufficient to overcome the positive testimony of Young and Bush. We have no reasonable doubt that Bush was indebted to Mrs. Young at the date of the deed, in an amount fully equaling the consideration named therein. It is quite clear from the proof, also, that she was no party to the delay in having the same recorded.

Of course the deed did not operate as a conveyance until its delivery to her, or to some one for her, with her approval.

The debtor would have had the undoubted right to prefer Mrs. Young to his other creditors; and had he, on the date of the recording the deed, conveyed to her the lots in satisfaction of his indebtedness to her, these complainants could not have complained, and it appears to us she is in no worse position because she made this agreement with Bush to execute the deed and deliver it to the recorder for her, long prior to the time he became indebted to complainants. Had Bush done as he had agreed, the deed would have been delivered to the recorder in November, 1869; but as he did it before the complainants obtained a lien upon the property, we are of the opinion that the laches of Bush cannot defeat her claim to the property through the deed, if it is otherwise valid.

The only other point is, whether under the circumstances proven, the delivery to the recorder was a delivery to her so as to make the deed operative.

The proof is that Bush was to execute the deed, and deliver it to the recorder to be recorded for her.

While it is true that it is essential to the legal operation of a deed that the grantee assents to receive it, and that the same cannot be imposed upon him, yet it is equally true that it can be delivered to a third party by sufficient authority from the grantee, and such delivery will be as effectual as if made to the

party himself—the underlying principle being the assent of the grantee to such delivery for his use, and this assent can be shown by the acts of the parties as well as by words. There can be no question in this case but that the deed was delivered to the recorder for her use, and with not only her assent, but a positive agreement that it should be so delivered; and this, we believe, constitutes a valid delivery under all the authorities.

Under the proof as it appears in this record, the court below should have dismissed the bill. The decree of the court below will be reversed and cause remanded.

Decree reversed.